**This order is SIGNED.**

**Dated: July 29, 2020**





**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**

---

*Prepared and submitted by:*

George Hofmann (10005)
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300

Attorneys for Debtor-in-Possession
Treeside Charter School

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:   TREESIDE CHARTER SCHOOL, Debtor. | Bankruptcy No. 19-28378 (RKM)  Chapter 11 |

**FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
OF DEBTOR'S PLAN OF REORGANIZATION DATED JULY 22, 2020 UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE**

This matter came before the Court on July 29, 2020, at 1:00 p.m. (the "**Confirmation Hearing**") to consider confirmation of the *Debtor's Plan of Reorganization dated July 22, 2020* [Docket No. 244] (the "**Plan**"), filed by Treeside Charter School, the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"). George Hofmann and Erin Preston appeared on behalf of the Debtor. Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the Debtor's

{00505865.DOCX /}    1

*Memorandum of Law in Support of Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 249] other papers filed concerning the Plan [*e.g.*, Docket Nos. 235, 236, 248, 249, 250, and 251], the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

      **FINDS AND CONCLUDES**[1] as follows:

      A.    <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

      B.    <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries, all transcripts of hearings, and all of the evidence received and arguments made at the hearings held before the Court during the pendency of the Bankruptcy Case.

      C.    <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

{00505865.DOCX /}      2

in accordance with the Bankruptcy Rules. The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors entitled to vote on the Plan, and such transmittal and service were adequate and sufficient. Any modifications of and to the Plan, including the modifications made under the Plan filed on July 22, 2020, are immaterial in that they do not adversely change the treatment under the Plan of any creditor, and only affect specific creditors who were involved in negotiating for and requesting such modifications, and under Bankruptcy Rule 3019(a), the modifications are deemed accepted by all creditors who have previously accepted the Plan. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

D. <u>Solicitation</u>. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

E. <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

F. <u>Creditors' Acceptance of Plan</u>. The Plan establishes five Classes of

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

Claims.  Classes 1, 3, 4, and 5 were impaired and were entitled to vote on the Plan, and 100% of creditors in Classes 1, 3, and 4 which submitted ballots voted in favor of the Plan  No objections were filed by any creditor or party in interest to the Plan. Those Creditors who are impaired, but did not vote, are bound by the Class that accepted the Plan. Accordingly, the Court finds the Debtor meets the voting requirements under Bankruptcy Code § 1129(a)(8) and (a)(10).

    G.    <u>Plan Complies with Bankruptcy Code</u>.  The Plan, as supplemented and modified by the Confirmation Order, complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

        i.    <u>Proper Classification</u>.  The Claims placed in each Class are substantially similar to other Claims in each such Class.  The Plan properly classifies Claims.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates various separate Classes of Claims based on differences in their legal nature or priority. Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims under the Plan.  Finally, the Classes do not unfairly discriminate between Holders of Claims, unless and except as otherwise consented to by such Holders.  Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

        ii.    <u>Specify Unimpaired Classes</u>.  Class 2 is designated as the unimpaired Class under the Plan.  Thus, § 1123(a)(2) is satisfied.

        iii.    <u>Specify Treatment of Impaired Classes</u>.  Classes 1, 3, 4, and 5 are designated as impaired under the Plan.  Article IV of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

      iv.       <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim in each respective Class unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

      v.       <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5).  Among other things, Articles VI and VIII provides for (a) the revesting of the assets of the Estate in the Reorganized Debtor; (b) the continuation of bankruptcy case administration; (c) cash distributions to the holders of Allowed Claims in all Classes; and (d) continued business operations of the Debtor.

      vi.       <u>Selection of Post-Confirmation Managers</u>.  Section 1123(a)(7) is satisfied because the Plan does not select or appoint any officer, director, or trustee.

      vii.       <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the assumption of executory contracts and unexpired leases, (b) provisions governing distributions on account of Allowed Claims, particularly as to the timing and calculation of amounts to be distributed, (c) establishing procedures for resolving Disputed Claims and making distributions on account of such Disputed Claims once resolved, and (d) provisions regarding the retention by this Court over certain matters after the Effective Date.  As such, the requirements of § 1123(b) are satisfied.

      viii.       <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the

Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

H. <u>The Plan and its Proponent Comply with the Bankruptcy Code</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the Debtor complied with the applicable provisions of the Bankruptcy Code.  Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

    i. The Debtor is a proper proponent of the Plan under § 1121(c).

    ii. The Debtor complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

I. <u>Plan Proposed in Good Faith</u>.  The Plan is proposed in good faith and not by any means forbidden by law and, therefore, complies with the requirements of § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan.

J. <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, was approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

K. <u>Management of the Reorganized Debtor</u>.  The Plan provides for the continued retention of the Debtor's existing board.  Their continued service is consistent with the interests of the holders of Claims and with public policy. Therefore, the

requirements of § 1129(a)(5) are satisfied.

L. <u>No Rate Changes</u>.  The Plan satisfies § 1129(a)(6) because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M. <u>Best Interests of Creditors Test</u>.  The Plan satisfies § 1129(a)(7) with respect to all Classes of Claims.  All Classes have either accepted the Plan, or will receive property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor's Estate was liquidated under chapter 7 on the Effective Date.  As such, § 1129(a)(7)(A) is satisfied.

N. <u>Acceptance by Certain Classes</u>.  All voting Classes voted in favor of the Plan, other than Holders of Convenience Claims, and no creditor within than Class submitted a ballot.  Accordingly, under <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988), all Classes of Claims either accepted or are deemed to accept the Plan.

O. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>.  The Plan satisfies the requirements of § 1129(a)(9).  Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

P. <u>Acceptance by at Least One Impaired Class</u>.  As set forth in the Ballot Tabulation Report [Docket No. 248], all Classes of impaired Claims either voted to accept the Plan, or are deemed to have accepted the Plan.. Therefore, the Debtor satisfied the requirements of § 1129(a)(10).

Q. <u>Feasibility</u>. The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor. The Court is satisfied that the Plan offers a reasonable prospect of success and is workable. As such, the requirements of section 1129(a)(11) are satisfied.

R. <u>Payment of Fees</u>. All fees payable under 28 U.S.C. § 1930 have been paid, or will be paid on or before the Effective Date, pursuant to Section 2.2 of the Plan, thereby satisfying § 1129(a)(12).

S. <u>Continuation of Retiree Benefits</u>. The Plan complies with § 1129(a)(13) because the Debtor is not obligated to pay any retiree benefits subject to § 1114.

T. <u>No Domestic Support Obligations</u>. The Debtor does not have any domestic support obligations. Therefore, § 1129(a)(14) is not applicable.

U. <u>1129(a)(15)</u>. There are no outstanding objections by holders of Allowed Unsecured Claims. As such § 1129(a)(15) is satisfied.

V. <u>Transfers Will Comply with Nonbankruptcy Law</u>. The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W. <u>Fair and Equitable; No Unfair Discrimination</u>. All Classes of Claims either accepted the Plan or are deemed to accept the Plan. There is no unfair discrimination between the Classes of Claims because there is a reasonable basis for the different treatment of each Class of Claims. The Plan is fair and equitable to unsecured Claims

(Classes 1, 4, and 5) because the Plan satisfies the "Absolute Priority Rule," in that the Debtor proposes to pay in full all Claims treated under the Plan. Accordingly, the Plan complies with the requirements of § 1129(b).

X. <u>No Other Plan.</u> No other chapter 11 plan is pending before the Court in this Bankruptcy Case and no other plan has been, or will be, confirmed in this Case. As such, the requirements of § 1129(c) are satisfied.

Y. <u>Principal Purpose of Plan</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Plan satisfies the requirements of § 1129(d).

Z. The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

AA. In summary, the Confirmed Plan complies with, and the Debtor satisfies, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.



-------------------------------------- END OF DOCUMENT --------------------------------------

## **DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION DATED JULY 22, 2020 UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**, shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CF/ECF System:

- Duane H. Gillman    dhgnotice@djplaw.com
- George B. Hofmann    ghofmann@ck.law, dhaney@ck.law;mparks@ck.law
- David H. Leigh    dleigh@rqn.com, swilliams@rqn.com;docket@rqn.com
- Steven J. McCardell    smccardell@djplaw.com, khughes@djplaw.com
- John T. Morgan    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov
- J. Bryan Quesenberry    bquesenberry@agutah.gov, kylaevans@agutah.gov;darrigo@agutah.gov
- Jeffrey L. Trousdale    jtrousdale@cohnekinghorn.com, mparks@cohnekinghorn.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Melinda Willden tr    melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;James.Gee@usdoj.gov;Rinehart.Peshell@usdoj.gov

                                                                      /s/ George Hofmann